## THE STATE *vs.* HANGER AND BELL.

By the third section of the act approved 1st Feb., 1843, entitled, "an act to repeal an act, entitled an act to amend the law in relation to gaming, approved 19th Decem-

The State *vs.* Hanger and Bell.

ber, 1840, and for other purposes," it is provided that any person who shall set up and keep a billiard table, or nine or ten pin alley, at which any game shall be played, shall be deemed guilty of a misdemeanor, and on conviction fined fifty dollars; *provided, however,* that any person who shall be fined for keeping or exhibiting any such table or alley, shall not again be prosecuted or fined for keeping the same table or alley, for the space of one year after the date of the conviction—this proviso is a nullity, and void.

The proviso being void, such persons as offend against the provisions of the act may be prosecuted, convicted, and fined, for every violation thereof, however frequently the offence may be committed.

Where the proviso in a statute is repugnant to the enactment itself, the proviso is void.

THIS was an indictment for keeping a billiard table, in the Crawford Circuit Court, at August term, 1843, before the Hon. R. C. S. BROWN, one of the circuit judges. The indictment was based upon the 3d section of the statute entitled "An act to repeal an act to amend the law in relation to gaming, approved 19th December, 1840, and for other purposes," approved the 1st February, 1843, which declares, "that any person or persons who shall set up and keep a billiard table, or nine or ten pin alley, at which any game shall be played, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined fifty dollars: *Provided, however,* that any person who shall be fined for keeping and exhibiting any such table or alley, shall not again be prosecuted or fined for keeping the same table or alley, for the space of one year after the date of said conviction." The indictment is, in point of form, in every respect sufficient to charge the defendants with the offence created by the statute; and the sufficiency thereof, in this respect, has not been questioned, either in this, or the circuit court. But the circuit court, after the plea of not guilty had been put in by one of the defendants, and joined by the State, permitted said defendant to withdraw his plea, and then suffered both defendants to join in a motion to quash the indictment, upon the ground that the act of the legislature, upon which it is founded, is unconstitutional and void; and, upon the hearing, sustained said motion, declared that enactment repugnant to the constitution and void, and adjudged the indictment insufficient in law, to charge the defendants, and that they go hence discharged therefrom without day. The State brought the case here by writ of error.

*Watkins, Att'y Gen.,* for the State. The indictment was quashed in the circuit court, on the ground that the act entitled "An act to

repeal an act 'entitled an act to amend the law in relation to gaming, approved 19th December, 1840, and for other purposes,' approved 1st Feb., 1843," is unconstitutional and void. I am at a loss to see in what manner this act conflicts with the constitution.

In the case of *Stevens & Wood vs. The State*, 2 *Ark. Rep.* 271, this court held that the legislature cannot restrict any one from making or purchasing a billiard table, but may, by law, so regulate or restrict the use of it, as to prevent any injury therefrom to the public morals or public good. It is clear from the opinion in that case, that the legislature has an undoubted right to make the exhibition of a billiard table a penal offence. A citizen cannot be taxed for keeping one, but he may be prevented from using it in an improper manner. The act of 1843, simply makes it a misdemeanor, and subjects the offender to a fine of $50. The proviso in the act does not render it unconstitutional; it merely provides that an offender shall not be prosecuted but once a year. There is certainly a difference between a *tax* and a *fine* or *forfeiture*. If a proviso is repugnant to, or conflicts with, the purview of the act, the proviso will be rejected. See 1 *Kent, p.* 430. *Dwarris on Statutes, in* 7 *Law Library, p.* 660.

*Oldham & Roane*, contra. But one question presents itself for the consideration and decision of the court: that is, whether the act of the legislature, under which the indictment in the case was found, is constitutional? For the defendant, we contend, that the law is unconstitutional, because, 1st, the penalty imposed, is an indirect tax for the privilege of keeping a billiard table or ten pin alley; the penalty is not imposed to abolish the use of billiard tables and ten pin alleys, to reform the offenders and to deter others by reason of its sanction from the commission of the offence, declared a misdemeanor. It holds out inducement for its violation, by exempting him, who will submit to conviction and fine, from another conviction for twelve months; thus clearly creating a privilege for a tax or price of fifty dollars, collectable by indictment. 2d, the law provides for doing indirectly, what the legislature cannot do directly. The legislature has no power to make the keeping a billiard table or ten pin alley a privilege, and collect a tax of fifty dollars a year for the exercise of

the privilege. 3d, a billiard table or ten pin alley, being property, any one may lawfully acquire, possess and protect it as such, but the legislature may, by law, so regulate or restrict its use, as to prevent any injury to the public morals, or the paramount, legal rights of another. 4th, the act under consideration operates as a prohibition, and not as a restriction, or a regulation of the use of the property, and after conviction, it ceases to operate, either as a prohibition, restriction, or regulation, for twelve months. 5th, It is not designed to protect the paramount legal rights of another, nor is it designed to prevent any injury to the public morals or public interest; playing at billiards or ten pins never having been declared a violation of law or morals. And if such were the fact, the public morals and public interest would suffer as much injury after conviction and payment of the fine, as before. 6th, The right of the defendants being a plenary and constitutional right, cannot be made to depend upon any act to be performed, or pecuniary compensation paid to the State; in other words, cannot be made dependent upon submission to an indictment, conviction, and the payment of a fine of fifty dollars to the State.

These principles are fully settled by this court, in the case of *Stevens & Woods vs. The State*, 2 *Ark. Rep.* 271.

*By the Court*, RINGO, C. J. No question other than that relating to the validity of the provisions of the statute, above quoted, has been raised or argued at the bar, and none other need be decided by this court. The defendants insist that the effect of the enactment in question, is, to indirectly impose upon them a tax of $50 a year, for the privilege of keeping a billiard table, and therefore it assumes to do indirectly, that which the legislature is incompetent to do directly; and that its operation is not to prevent or punish the defendants for any unlawful exhibition or use of their billiard table, but to *prohibit* them from having and keeping it.

On the contrary, it is urged, by the Attorney General, that it neither operates as a prohibition to keep a billiard table, in a lawful manner, nor as a tax upon the privilege of keeping it, unless such effect be produced by the proviso, in which event, the proviso being

repugnant to the enactment, the former ought to be rejected, and the latter upheld.

The language used in the enactment is plain and unambiguous, and its design most obvious. It is not to *prohibit* any person from setting up, and keeping a billiard table, or nine or ten pin alley, but to prohibit all persons from setting and keeping any such table, or, for the purpose of playing, or suffering others to play thereon, at any game of billiards, or of nine or ten pins, and in this manner prohibit all persons from playing at said games. It proceeds upon the ground that the playing at such games is detrimental to the public morals, and general welfare of the community, but concedes, that the mere setting up and keeping of such table or alley, upon which no game is played, is both innocent and harmless, and therefore, forbids and punishes the former but leaves the latter, where the constitution has placed it; that is, to be exercised at the discretion of each individual in the community.

The enactment therefore, unless rendered so by the proviso, is not, in our opinion, repugnant to any provision contained in the constitution, nor subversive of any right protected by it.

The effect of the proviso, upon the enacting clause, seems to us to be, not to suspend its operations for a limited period of time, and thereby make the offence punishable, only when committed within certain specified periods of time, but to legalize the acts prohibited for a period of one year from the date of each conviction, and thereby make the conviction operate indirectly as a periodical tax levied upon the convict, for the immunity which he acquires thereby of playing, and suffering others to play, on such table, or alley, at the game of billiards, or nine or ten pins, it must, according to the principles adjudicated by this court in the case of *Stevens & Woods vs. The State*, 2 *Ark. Rep.* 271, be repugnant to the constitution, and void. The proviso, therefore, being a nullity, it cannot have the effect to control, or repeal the enactment, as according to the principles adjudged by the court of exchequer, in the case of the *Attorney General vs. The Governor and Company of Chelsea Water Works*, reported by Fitzgibbon, 195, cited in 1 *Kent's Com.* 432, and in *Dwarris on Statutes*, 660, it would otherwise probably do. Conse-

quently the enactment, divested, as we hold it must be, of the *proviso*, which we consider void, is, we think, unquestionably valid, and therefore, such as offend against its provisions may be prosecuted, convicted, and fined for every violation thereof, however frequently the offence may be committed.

The judgment of the circuit court, pronounced in this case, must therefore be, and it is hereby, reversed, annulled, and set aside, with costs, and the case be remanded to the court from whence it came, with instructions to that court, to deny the motion of the defendants to quash the indictment, and for such further proceedings to be there had therein, as may be consistent with law, and not inconsistent with this opinion.